## CLOWER v. FANNIN–LAMAR–DELTA COUNTIES LEVEE IMP. DIST. No. 3. (No. 3725.)

Court of Civil Appeals of Texas. Texarkana. July 15, 1929.

Rehearing Denied July 25, 1929.

616

L. L. James, of Greenville, and Ben D. Clower, of Cooper, for appellant.

Couch & Couch, of Bonham, and McKinney & Berry, of Cooper, for appellee.

LEVY, J. (after stating the case as above). The question for decision in the circumstances is the simple one of whether the written notice of appeal to the district court from the award of the commissioners of appraisement of the levee district was filed within the statutory time. The question depends entirely upon the wording of the statute prescribing the limitation. Rev. St. 1925, art. 7995, provides that such appeal shall be taken as follows: "Such appeal shall be taken to the district court of the county of jurisdiction in the manner, under the conditions, and within the time provided by article 7980, for appeals from judgments of the commissioners' court refusing to create the levee district, and the district court shall have jurisdiction thereof, regardless of the amount." Article 7980 evidently was intended, and we so hold, as 7979, which provides that appeals from judgments of the commissioners' court refusing to create the levee district shall be perfected in the following manner, to wit: "Notice of appeal shall be given at the time of the entry of said order by announcement of same before said court, which notice of appeal shall be entered on the minutes of said court, or by giving written notice within two days after the entry of such order; said notice to be a simple statement in writing to the effect that the undersigned gives notice of appeal from the or-

der entered on the date stated, which notice shall be filed with the clerk of the county court, and the appellant shall, within five days from the date of the entry of said order, file an appeal bond with two or more good and sufficient sureties payable to the county judge of the county, to be approved by the county clerk; conditioned upon the due prosecution of the appeal and payment of all costs incident thereto, and unless the appeal be thus perfected within five days after the rendition of the order, such order shall be final and conclusive, and there shall be no extension of time granted for the filing of the appeal bond."

The Legislature, as seen, has designated the time for taking the appeal in language plain and unambiguous, namely: (1) A verbal notice of appeal to be given "at the time of the entry of said order"; or (2) a written notice of appeal to be filed "within two days after the entry of such order." Considering such provision along with requirements of article 7995, in order to fix the meaning the words "entry of such order" must be considered, at least in so far as relates to a written notice of appeal, as referring to the entering of such order "of record in the minutes of the board of supervisors." Article 7995 expressly requires the commissioners of appraisement to embody their findings into a "decree" or order and to have such decree or order "entered of record in the minutes of the board of supervisors." There is a clear distinction between the "rendition" of a judgment or order and its "entry." Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; 1 Black on Judgments, § 105; 34 C. J. p. 44. And as to what was intended by the Legislature to constitute "entry" of such order is plainly shown by the portion of the article mentioned. The giving or filing of "notice" of the appeal was necessary to confer jurisdiction upon the district court, for the adverse party was legally entitled to have notice or information that the cause was to be taken to the district court, there to be tried again upon the issues between the parties, in order that he might have his day in that court to maintain his rights. "Notice" in an appeal performs the office of a summons, like service of citation in a writ of error. And, as in the case of a writ of error, the district court has no jurisdiction to determine the cause unless there is timely issuance and service of citation, so in the case of appeal the district court has no jurisdiction to determine the cause unless notice is given in the manner and within the time limited by the statute. Statutory notice is not binding as constructive notice, unless given within the time directed by the law to be given. And in this case there was no waiver of notice by adverse parties. Therefore, in view of these settled principles, it was essential, in order to acquire jurisdiction, for the appellant to have filed the written notice within the two days after the order

was entered in the minutes of the board of supervisors of the levee district.

Appellant contends, however, that, since article 7995 requires a certified copy of the order of the commissioners of appraisement to be "filed with the county clerk," the time for filing written notice of appeal began to run when, and not until, such copy was filed, with the county clerk. The statute does not provide, expressly or by implication, that something more was required, in order to predicate right of appeal, than "entry" of the order of record in the minutes of the board of supervisors. The filing of a certified copy of the decree or order with the county clerk was a distinctive and separate act to be done from the "entry" of the order in the minutes. The terms "entry" and "filed" are never used as synonymous terms. The requirement to have a copy "filed" with the county clerk was designed to give notice, not to parties interested in the appeal, but to the public dealing thereafter with the land in acquisition of any interest in it. Those having an interest in initiating the right to take an appeal would have, as intended, to take notice of the "entry" of the order in the minutes of the board of supervisors. There is no provision that the parties interested in appeal should be given personal notice of the "entry," or should take notice in any other mode than the "entry" of the order. The minutes of the board of supervisors are a public record required by law to be kept. Under the statutes, the board of supervisors of a levee district are a continuing body, with a clerk, and required to keep records and minutes of proceedings. The statute fixing the time to file written notice of appeal must be construed according to plain purport of the language used, since constructive notice to appellee cannot be presumed unless the terms of the act are complied with. In other words, the appellee would not have to take notice of the taking of appeal which was not filed within the limits of the law.

The judgment is affirmed.