The answer made to question No. 1 renders an answer to question No. 2 unnecessary.

CURETON, C. J.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

### CLOWER v. FANNIN–LAMAR–DELTA COUNTIES LEVEE IMPROVEMENT DIST. NO. 3.

### No. 1207—5567.

Commission of Appeals of Texas, Section B.

June 10, 1931.

Ben D. Clower and L. L. James, both of Henderson, for plaintiff in error.

Cunningham & Lipscomb and Couch & Couch, all of Bonham, and McKinney & Berry, of Cooper, for defendant in error.

RYAN, J.

Chapter 21, Acts 39th Leg. (Acts 1925, p. 50 [Vernon's Ann. Civ. St. Art. 7972 et seq.]), superseded previous statutes on the subject of levee improvement districts, and particularly articles 7972 to 8096 of the original 1925 Revision of the Civil Statutes. We shall therefore refer to said legislative act instead of to the Revised Civil Statutes of 1925, in this opinion—the better to avoid confusion and misunderstanding.

Commissioners of appraisement of the Fannin-Lamar-Delta counties levee improvement district No. 3, acting under the provisions of section 21 of said act of the 39th Legislature (Vernon's Ann. Civ. St. art. 7993), in viewing the lands within such district for the purpose of assessing the amounts of benefits and damages thereto, as such lands might be affected by the plan of reclamation therefor, awarded to plaintiff in error the sum of $117.30 in condemnation of 3.91 acres out of the S. G. Chandler survey in Delta county.

Section 22 of said act (Vernon's Ann. Civ. St. art. 7994) requires a certain form of notice of the filing of such report, to be given by the secretary of the board of supervisors to all persons interested, who may care to object thereto, to the effect that said commissioners will meet on a day named "for the purpose of hearing *and acting* on objections to their report and claims for damages"; one copy of such notice and of affidavit showing service thereof is required to be filed with the commissioners of appraisement and another copy with the clerk of the commissioners' court having jurisdiction.

Section 23 of said act (Vernon's Ann. Civ. St. art. 7995) provides that any property owner affected by such report, or the plan of reclamation, may, at or before the hearing thereon, file his objections thereto; it also requires the commissioners, *at the time and place* named in the notice of hearing, to hear and *pass* upon all such objections and claims for damages. The findings of the commissioners *as to benefits* (which are made final by said section 23 of the Statute) must be entered of record in the minutes of the board of supervisors and a certified copy thereof filed with the county clerk of each county in which any portion of the lands within such district are located, as a permanent record of such county, "and such filing shall be notice to all persons of the contents of such decree."

As to the assessing or refusing to assess damages or fixing the value of right of way, an appeal is allowed to any person or to the board of supervisors. Such appeal is to the district court of the county of jurisdiction, in the manner (regardless of the amount involved), under the conditions, and within the time provided by section 7 of the act (Vernon's Ann. Civ. St. art. 7979), for an appeal from judgment of the county commissioners' court refusing to create the levee district. The secretary of the board of supervisors, in case of such appeal, is required to, within five days after filing of the appeal, send to the clerk of the district court, the plan of reclamation or certified copy thereof, together with a transcript of that part of the appraisement affecting the lands concerned in the appeal, and a transcript of the claims for damages and the action of said commissioners thereon.

Section 7 of said act gives petitioners for the creation of levee improvement districts the right of appeal to the district court, should, upon hearing of petition therefor, the county commissioners' court of the county of jurisdiction dismiss the same.

The appeal must be perfected in the following manner: Notice of appeal shall be given at the time of the entry of said order by announcement of same before said court, which notice of appeal shall be entered on the minutes of said court, or by giving written notice within two days after the entry of such order to be filed with the clerk of the county court; and within five days from the entry of said order, an appeal bond, to be approved by the *county clerk,* must be filed. Said section 7 then provides, "Unless the appeal be thus perfected within five days after the rendition of the order, such order shall be final and conclusive, and there shall be no extension of time granted for the filing of the appeal bond."

Section 23, after so providing for the manner of appeal, requires the secretary of the board of supervisors, within five days after filing of the appeal, to send the pertinent record to the district clerk. The trial in the district court shall be de novo and proceedings shall be in accordance with the laws of this state in suits for damages, and the claimant shall be considered as plaintiff and the district as defendant, except that no further pleadings shall be required.

Section 7 of the act provides that the judgment of the district court (as to the formation of the district) shall be "final and conclusive," but section 23 provides that appeals (as to the amount of damages assessed) may be taken from the judgment of the district court as in other civil cases.

The uncontradicted evidence of Clower's attorney, the only witness who testified at the trial in the district court, shows that he was present at the hearing on May 5, 1928, and at that hearing the commissioners of appraisement did not pass on Clower's exceptions. He testified: "From what the Commissioners of Appraisement said and the questions they asked, I took it that they were going to overrule our objections, and I told them then that if our objections were overruled by the Board that we would appeal to the District Court, and then gave oral notice of appeal and I stated to them at the time—I was not sure that

was necessary, but I did not want to take any chances on waiving it, and that when they made a final award, that I would again give notice in writing, which I did in a day or two. I did not have any other notice of the award prior to the time of the filing of the award in the County Clerk's office."

He further stated that he got the information of the award from the county clerk. "I then immediately prepared my notice of appeal and filed it within the two days from the time the award was filed in the county clerk's office. I would like to state further in this connection, that the hearing here before the Board was thoroughly informal. I stated to the Board of Appraisement that day, that I was not right clear about the notice of appeal, but I wanted a chance to appeal and wanted them to note my notice of appeal and they assured me no advantage would be taken of it, they were not going to award that at the time. * * * The Board was very fair and very reasonable and seemed to want everybody to have their hearing and have their day in court and they said that no advantage would be taken of that and accepted my notice."

He further testified that "we had no further notice of any meeting or the entering of any award, until it was filed with the County Clerk, and as soon as it was filed, we filed our written notice of appeal."

The trial court found as facts that "the Board of Appraisers of Fannin-Lamar-Delta County Levee Improvement District No. 3 met at the courthouse at Bonham, in Fannin County, Texas, on May 5, 1928, for the purpose of considering objections and exceptions to the award made by the appraisers of said District"; that "the plaintiff, S. D. Clower, had been theretofore duly cited and notified as required by law to appear at said time to make and file his objections and exceptions (if any he had) to the report of said appraisers"; that "the said S. D. Clower, together with his attorney, L. L. James, appeared at said time and place and filed exceptions and objections to the report of said appraisers"; that "said Board of Appraisers did not take any action on said S. D. Clower's objections and exceptions on said May 5, 1928, and did not make any award to said S. D. Clower on said date"; that "the said Board of Appraisers took said objections and exceptions of said Clower under consideration, and announced to said Clower that same were taken under consideration, and that the decision and final award of the Board of Appraisers would be made and announced at some later date, and that the board then adjourned to a later date."

The trial court further found that neither the said Clower nor his attorney, nor any person in his behalf, "gave any oral notice of appeal from said final award to said S. D. Clow-

er which was made on said May 7, 1928; and that in fact no oral notice of appeal was ever given or made at any time," and that the final report and award of said commissioners "was finally and fully and duly, and in all things legally confirmed by a formal decree of said Commissioners of Appraisement, on the 7th day of May, 1928. And that on the following day, towit, May 8, 1928, at 10 o'clock a. m., said decree was duly filed in the office of the County Clerk of Fannin County, Texas, one day after same had been duly made."

The trial court further found that said Clower gave a written notice of appeal from the order confirming the report of the commissioners of appraisement, on May 10, 1928, which notice of appeal was filed with the county clerk on the same day.

The trial court concluded as a matter of law that the district court did not have jurisdiction in the absence of an oral notice of appeal at the time of the entry of the order, because no written notice of appeal was given and filed within two days after the final decree of the commissioners of appraisement was made on May 7, 1928, although said notice of appeal was filed within two days after a copy of said final decree was filed with the county clerk on May 8, 1928; accordingly, the trial court sustained the district's plea to the jurisdiction on those grounds and dismissed the suit.

The record shows that a proper and sufficient bond for appeal as provided for in section 7 of said act of the Legislature from the action of the commissioners of appraisement to the district court, was filed with and approved by the county clerk on May 11, 1928, which was within five days of the date of the decree of said commissioners of appraisement.

On appeal to the Court of Civil Appeals the judgment of the district court was affirmed. 19 S.W.(2d) 615.

Opinion.

■■ The only question for decision here is whether any sufficient notice of appeal from the decree of the commissioners of appraisement to the district court was given in the terms of the statute. Proceedings to condemn property for public use are special in character, and their validity must depend upon a strict compliance by the condemning authority, with the law authorizing them. Parker v. Ry. Co., 84 Tex. 333, 19 S. W. 518; McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027; Cummings v. Kendall County, 7 Tex. Civ. App. 164, 26 S. W. 439; 1 Lewis, Eminent Domain (3d Ed.) § 387; 2 Cooley's Const. Limitations (8th Ed.) p. 1119. But, as to compensation and remedy, they should be liberally construed in favor of the property owner. 1 Lewis, Eminent Domain (3d Ed.) § 389.

The statute in this case requires and prescribes the form of notice to be given, viz.: The time and place of the meeting of the commissioners for the purpose of hearing *and acting* on objections made must be stated (section 22); the statute also requires the commissioners, at the time and place named in the notice, to hear *and pass* upon all objections and claims for damages (section 23). It is true that under the statute, the hearing may be adjourned from day to day (section 23), but not indefinitely or to an uncertain and unnamed day in the future, or subject to call, in which case new notice must be given. 2 Lewis, Eminent Domain (3d Ed.) § 585.

In the present case the commissioners did meet at the time and place named and heard the objections, but they did not *pass* or *act* upon such objections, nor did they adjourn from day to day, as required by the statute. They advised the property owner, according to his attorney's uncontradicted evidence, that they were not going to make the award at that time and did not fix a date or time when they would do so. It is true, according to the same testimony, while the commissioners did not then make an award, they gave the attorney to understand that the objections would be overruled, when he gave oral notice of appeal and stated to them that when they made a final award he would again give notice in writing. They made a final award on May 7, 1928, but did not advise him thereof. He had no notice of the award prior to the time of its having been filed in the county clerk's office. The attorney's uncontradicted evidence is further to the effect that the commissioners accepted his oral notice of appeal so given on May 5, 1928, and advised him that no advantage would be taken of him. He testified: "We had no further notice of any meeting or the entering of any award until it was filed with the County Clerk and as soon as it was filed, we filed our written notice of appeal."

We think this case is ruled by the holding in Crabb v. Uvalde Paving Co., 23 S.W.(2d) 300, where this section of the commission, speaking through Judge Leddy, held that whenever property owners are misled through statements made to them by members of the city council at an open hearing before which such owners were notified to appear, and because of reliance upon such statements, lost their statutory right of appeal, equity will grant them relief, if no innocent third party's rights accrued in the meantime.

There the property owners were informed by the mayor and one councilman that if the paving in question was not wanted, the matter would be dropped, and if the city should decide to proceed any further with the paving project, the interested property owners would be notified. The property owners in that case were thereby led to believe that the project had been dropped and gave the matter no further thought.

Here, while plaintiff in error was not misled by any statement that the project had been abandoned and understood that his objections would probably be formally overruled at a future conference of the board, he was assured that his oral notice of appeal was accepted and he would be protected in the final entry of the decree. Instead of this, his notice of appeal was not entered in the decree and he had no notice whatever of such decree until it was filed with the county clerk, when he immediately, and within two days from such filing, deposited with the county clerk his written notice of appeal and the next day a properly approved appeal bond.

In City of Dallas v. Saenger (Tex. Civ. App.) 255 S. W. 652, an oral protest was made while the hearing was open; the protestant was assured by the city commissioners that another meeting would be held at 10 o'clock, the next morning, when he could file his written protest and a hearing accorded. The court held that he had a right to rely upon this promise and was not negligent in waiting until the next day to file the written protest. When he appeared the next morning he was informed that the board of commissioners had had an earlier session that morning and had overruled his oral protest. At a subsequent date, without notice to the protestant, an order was entered denying the written protest. The court held the proceedings void and enjoined their enforcement.

We hold that the plaintiff in error complied with the law in giving notice, both oral and written, and filed an approved appeal bond within the time prescribed by statute, and therefore properly perfected his appeal to the district court under the provisions of the statute.

In this connection, we think it proper to say that no question was raised as to the validity of the act, involving the reasonableness of the time prescribed for giving the notice of appeal within two days after entry of the commissioners' court's order, nor the rigid requirement of the filing of an appeal bond within five days. Section 7 of the act mandatorily requires that unless such appeal be thus perfected within five days after the rendition of the order, such order shall be final and conclusive and no extension of time shall be granted for the filing of such appeal bond.

We therefore express no opinion as to the validity or reasonableness of the act in that respect, nor whether its enforcement may involve the further question of a taking of property without due process of law; but we do think it our duty to call attention to the matter, in order that the Legislature may, for the public good, amend said act by prescribing a more reasonable time within which notice of

appeal may be given and an appeal be perfected.

We recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and this cause be remanded for trial, to the district court.

CURETON, J.

Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.